DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Arthur J. Michaels ("Husband"), appeals the judgment entry/decree of divorce issued by the Medina County Court of Common Pleas, Domestic Relations Division. This Court reverses.
 I. {¶ 2} On March 17, 2005, Husband filed a complaint for divorce from Kimberly A. Michaels ("Wife"). On April 13, 2005, Wife filed an answer and counterclaim for divorce. The parties engaged in lengthy discovery.
 {¶ 3} On April 9, 2007, the parties appeared for a hearing at which they asserted that they had reached an agreement to settle all matters except for the *Page 2 
issue of spousal support, which they would leave to the court for determination. Counsel for Wife read the terms of the settlement agreement into the record. On April 10, 2007, the parties again appeared for hearing, at which time they informed the court that they had reached an agreement regarding spousal support as well.
 {¶ 4} At the hearing on April 9, 2007, the trial court informed the parties that their divorce would not be final until a judgment entry reflecting their settlement was submitted to each for signature, then sent back to the attorneys who would send it to the judge for review, signature and filing with the Clerk of Courts. The trial court further informed the parties:
 "[I]f there is any dispute in the preparation of the Judgment Entry reflecting your settlement today, that all disputes will be resolved at your cost by your paying for a transcript of the record that we're presently making. If it is not in the settlement transcript in substantive terms, it will not be in your written Judgment Entry."
 {¶ 5} On April 23, 2007, Husband filed a motion to allow a transcript to be secured and a motion for transcript and incorporation of same into the divorce decree. Husband requested the preparation of a transcript of the proceedings recorded on April 9 and 10, 2007, due to a disagreement regarding the terms incorporated into the judgment entry tendered to him by Wife. Husband requested incorporation of the terms enunciated on the record into the judgment entry and a stay of the filing of any entry pending the preparation of the transcript. *Page 3 
 {¶ 6} On May 3, 2007, Wife filed a notice of submission of judgment entry/decree of divorce pursuant to Loc.R. 8.01. Wife certified that the submission of the judgment entry/decree of divorce to the court was in compliance with the requirements of Loc.R. 8.01. Wife's attorney signed the judgment entry, asserting his approval. Rather than indicating the signature and approval of Husband's counsel, the entry merely stated that it had been submitted to Husband's counsel on April 18, 2007.
 {¶ 7} On May 7, 2007, Husband filed an objection to Wife's notice of submission of the divorce decree and her certification of compliance with Loc.R. 8.01. On May 9, 2007, the trial court issued a scheduling order, scheduling a hearing on May 24, 2007, on Husband's objections. Nevertheless, on May 9, 2007, the trial court filed the judgment entry/decree of divorce submitted by Wife and which the judge had signed on May 7, 2007.
 {¶ 8} On May 23, 2007, Husband filed a request for an "evidentiary hearing to determine whether the putative settlement agreements are fair and equitable." In addition, the same day Husband filed a motion objecting to the issuance of the final judgment and for relief from the putative agreements, wherein he sought relief on the grounds of impossibility and mutual mistake. *Page 4 
 {¶ 9} On May 25, 2007, the trial court issued a judgment entry out of a May 24, 2007 pretrial conference[1] regarding (1) Husband's objection to Wife's notice of submission of divorce decree; (2) Husband's motion objecting to the issuance of the final judgment; and (3) Husband's request for evidentiary hearing. The trial court ordered:
 "The parties' Judgment Entry/Decree of Divorce was signed by the undersigned jurist on May 7, 2007 and filed of record May 9, 2007. To the extent that substantive discrepancies, if any, exist between the transcripts of the parties (sic) final settlement, as placed on the record, and the Judgment Entry/Decree of Divorce, then the Judgment Entry/Decree of Divorce shall be amended nunc pro tunc to conform to the substantive terms set forth in the transcripts. Counsel for the parties shall glean from the transcripts and the Judgment Entry/Decree of Divorce any such discrepancies and submit a corrected judgment entry accordingly."
The trial court further ordered any party seeking other relief to file such motions as may be appropriate. On June 6, 2007, Husband filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1), (4) and (5).
 {¶ 10} On June 7, 2007, Husband filed his notice of appeal with this Court. Accordingly, the trial court had no opportunity to rule on Husband's Civ.R. 60(B) motion. *Page 5 
 {¶ 11} Husband raises three assignments of error for review. This Court addresses the second assignment of error first as it is dispositive of this appeal.
 II. ASSIGNMENT OF ERROR II "BY JOURNALIZING THE FINAL DIVORCE DECREE AS PROPOSED BY [WIFE] WITHOUT FIRST VERIFYING EACH PARTY'S COMPLIANCE WITH LOCAL RULE 8.01, THE TRIAL COURT ABUSED ITS DISCRETION."
 {¶ 12} Husband argues that the trial court abused its discretion by journalizing the final divorce decree which was not submitted in compliance with the Local Rules of the Medina County Court of Common Pleas, Domestic Relations Division ("Loc.R."), specifically Loc.R. 8.01. This Court agrees.
 {¶ 13} This Court has stated:
 "We acknowledge that local rules, not in derogation of a statute, are to be adhered to by the court. Although local rules are of the court's own making, the preferred course of action is for the court to amend its rules rather than ignore them. However, we also recognize that local rules are of the court's own making, procedural in nature, and not substantive principles of law. Accordingly, it has been held that there is no error when, in its sound discretion, the court decides that the peculiar circumstances of a case require deviation from its own rules." Yanik v. Yanik, 9th Dist. No. 21406, 2003-Ohio-4155, at ¶ 9, quoting Lorain Cty. Bank v. Berg (July 22, 1992), 9th Dist. No. 91CA005183.
Accordingly, this Court reviews the trial court's interpretation or application of its local rules for an abuse of discretion. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or *Page 6 
unconscionable in its ruling. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 14} Loc.R. 8.01 addresses the preparation of judgment entries and states:
 "Except as otherwise provided, the Court may order or direct either party or counsel to prepare and present for journalization a judgment entry. Such party or counsel shall prepare a proper entry and submit same to the opposing party or counsel. The opposing party or counsel shall have five (5) days to approve or reject the judgment entry. In the event of rejection, the opposing party or counsel shall file with the Court, at the time of such rejection, either a written statement of the objections to the proposed entry or that party's own proposed entry. This subsection shall not apply to uncontested matters where the opposing party has made no answer or appearance, or dissolution of marriage.
 "Upon the failure of the opposing party or counsel to approve or reject any submitted judgment entry as provided, the preparer of the entry may unilaterally present the entry to the Court for journalization with a certification thereon that the provisions of Loc.R. 8.01 have been complied with."
 {¶ 15} At the settlement hearing, the trial court set out the procedure for finalization of this matter, stating:
 "[Y]ou are not yet divorced until such time that the Judgment Entry reflecting your settlement * * * is submitted to each of you for your signature, back to your attorneys, and the attorneys send it on to me for my review, signature, and filing with the Clerk of Courts."
In this way, the trial court effectively directed counsel to prepare and present a judgment entry for journalization, thereby implicating the provisions of Loc.R. 8.01.
 {¶ 16} Wife's counsel prepared a judgment entry and submitted it to Husband's counsel on April 18, 2007. On April 23, 2007, pursuant to Loc.R. 8.01, *Page 7 
Husband indicated his rejection of the judgment entry by filing a written statement of his objection to the proposed entry by asserting that he disagreed with the terms incorporated in the settlement. Husband requested that the trial court stay approval and filing of any judgment entry until a transcript of the settlement proceedings could be prepared and those terms incorporated into a judgment entry reflecting same. Husband properly served Wife with a copy of his motion to incorporate the terms enunciated during the settlement proceedings into the judgment entry.
 {¶ 17} Nevertheless, on May 3, 2007, Wife filed a notice of submission of the judgment entry, certifying that the submission was in compliance with Loc.R. 8.01. On May 7, 2007, Husband filed an objection to the notice of submission of the judgment entry, in part for the reason that its submission was not in compliance with Loc.R. 8.01, as he had rejected it by filing a written statement of his objection. Although the trial court scheduled a hearing on Husband's objection to the notice of submission of the judgment entry for May 24, 2007, it nevertheless approved and journalized the final judgment decree submitted by Wife over Husband's objections on May 9, 2007. By doing so, the trial court disregarded the import of Loc.R. 8.01 by allowing one party to circumvent the protections of a rule designed to facilitate judicial economy, while ensuring that both parties received the benefit of their agreed and anticipated resolution. *Page 8 
 {¶ 18} The trial court in this case was explicit in its assertion that, in the case of any dispute, the judgment entry must reflect the terms enunciated in the settlement transcript. By journalizing Wife's proposed judgment decree over Husband's objection that it did not reflect the settlement enunciated on the record, the trial court unreasonably entered judgment not in compliance with its local rules, thereby abusing its discretion in the application of Loc.R. 8.01. Husband's second assignment of error is sustained.
 ASSIGNMENT OF ERROR I "THE TRIAL COURT ABUSED ITS DISCRETION BY ENTERING A FINAL DIVORCE DECREE THAT DOES NOT CONFORM WITH THE TERMS OF THE PARTIES' IN-COURT SETTLEMENT AGREEMENT."
 ASSIGNMENT OF ERROR III "THE PROCEDURAL DEFICIENCIES THAT LED TO THE WRONGFUL SIGNING OF THE FINAL DIVORCE DECREE DENIED [HUSBAND] EQUAL PROTECTION UNDER THE LAW AND HIS DUE PROCESS RIGHTS TO CHALLENGE THE VALIDITY OF THE SEPARATION AGREEMENT UNDER CONTRACT LAW."
 {¶ 19} Husband argues that the trial court abused its discretion by entering a final divorce decree that did not conform to the terms of the parties' settlement agreement. He further argues that certain procedural deficiencies which led to the trial court's signing the final divorce decree denied him both equal protection and his right to due process in regard to his right to challenge the validity of the separation agreement. *Page 9 
 {¶ 20} Due to this Court's disposition of Husband's second assignment of error, this Court need not reach the merits of the first and third assignments of error, as they are now rendered moot. See App.R. 12(A)(1)(c).
 III. {¶ 21} Husband's second assignment of error is sustained. This Court declines to address the first and third assignments of error. Accordingly, the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is reversed and the cause remanded to the trial court for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 10 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
DONNA J. CARR FOR THE COURT
WHITMORE, J. DICKINSON, J. CONCUR
[1] This Court notes that the trial court had already entered a final judgment, so that it no longer had the jurisdiction or authority to amend that final judgment nunc pro tunc as ordered in this entry. Further, as a final judgment had been issued on May 9, 2007, purportedly resolving all issues in Husband's complaint and Wife's counterclaim, this Court is perplexed by the need for a subsequent "pretrial conference." *Page 1