[Cite as *Weir v. Weir*, 2011-Ohio-2992.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

KARIN A. WEIR

    Appellee

    v.

THOMAS E. WEIR

    Appellant

C.A. No.     10CA0058-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    07DR0068

DECISION AND JOURNAL ENTRY

Dated: June 20, 2011

---

BELFANCE, Presiding Judge.

{¶1} Defendant-Appellant Thomas Weir appeals the decision of the Medina County Court of Common Pleas, Domestic Relations Division. For the reasons set forth below, we reverse.

I.

{¶2} Mr. Weir married Karin Weir on August 23, 1987. No children were born of the marriage. Ms. Weir filed for divorce on February 6, 2007. The court issued a judgment entry of divorce on December 26, 2007. Mr. Weir was ordered to pay $2,200 a month in spousal support for the shorter of eight years, Ms. Weir's death, Ms. Weir's remarriage, or Mr. Weir's death. The court retained jurisdiction to as the term and amount of spousal support. On February 3, 2009, Mr. Weir filed a motion to terminate or suspend spousal support after his employment was terminated from his primary job when the company he worked for went out of business.

{¶3}    A magistrate held a hearing on the matter and issued a decision concluding that "[t]here has been a change of circumstances that was not contemplated at the time of the divorce."  The magistrate further found that it was appropriate to reduce Mr. Weir's spousal support obligation to $1,250 a month and that the obligation should continue for the shorter of eight years beginning January 2008, either party's death, or Ms. Weir's remarriage.  Mr. Weir objected on the basis that the magistrate's decision was "arbitrary and capricious."  The trial court held a hearing on the objections and issued a decision overruling Mr. Weir's objection and adopting the magistrate's decision reducing the spousal support award to $1,250 a month.  Mr. Weir has appealed raising five assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

"The trial court abused its discretion in its post-decree determination of spousal support after finding a change of circumstance by reducing the support award from $2,200 per month to $1,250 instead of suspending the award given its finding that the Appellant was involuntarily unemployed and thereby his income had been reduced to less than the income of the Appellee."

ASSIGNMENT OF ERROR II

"The trial court abused its discretion in its post-decree determination of spousal support after finding a change of circumstance by reducing the support award from $2,200 per month to $1,250 instead of suspending the award given its finding that the Appellant was involuntarily unemployed by failing to quantify the income of the appellant as would be required by the factors of Ohio Revised Code Section 3105.18(C) in making such a determination."

ASSIGNMENT OF ERROR III

"The trial court abused its discretion in its post-decree determination of spousal support after finding a change of circumstance by reducing the support award from $2,200 per month to $1,250 instead of suspending the award given its finding that the Appellant was involuntarily unemployed by finding that the Appellant had assets to pay spousal support where the parties had effectuated an equal division of those assets less than fourteen months previous to the request for

modification and the Court failed to quantify those assets as a basis for its decision."

## ASSIGNMENT OF ERROR IV

"The trial court abused its discretion in its post-decree determination of spousal support after finding a change of circumstance by reducing the support award from $2,200 per month to $1,250 instead of suspending the award given its finding that the Appellant was involuntarily unemployed by finding that the Appellant had assets to pay spousal support where clearly the only assets to be used were retirement assets, the disposition of which would create a tax penalty for Appellant, based upon the age of the appellant, and the real estate for which appellee had received her equitable interest less than fourteen months previous."

## ASSIGNMENT OF ERROR V

"The trial court abused its discretion in its post-decree determination of spousal support after finding a change of circumstance by reducing the support award from $2,200 per month to $1,250 instead of suspending the award during the period of time Appellant is unemployed by failing to consider all of the factors of Ohio Revised Code Section 3105.18(C)."

{¶4} Essentially in each of Mr. Weir's five assignments of error he asserts that the trial court erred in reducing the spousal support award to $1,250 instead of suspending it.

{¶5} The Supreme Court of Ohio has held that "a trial court lacks jurisdiction to modify a prior order of spousal support unless the decree of the court expressly reserved jurisdiction to make the modification and unless the court finds (1) that a *substantial* change in circumstances has occurred and (2) that the change was not contemplated at the time of the original decree." (Emphasis added.) *Mandelbaum v. Mandelbaum,* 121 Ohio St.3d 433, 2009-Ohio-1222, at ¶33. While the magistrate found that "[t]here has been a change of circumstances that was not contemplated at the time of the divorce[,]" and the trial court adopted the magistrate's decision, neither entry includes a finding of a *substantial* change of circumstances not contemplated at the time of the divorce. See id; see, also, *Tufts v. Tufts*, 9th Dist. No. 24871, 2010-Ohio-641, at ¶11; *Johns v. Johns*, 9th Dist. No. 24704, 2009-Ohio-5798, at ¶¶6, 10. Accordingly, because the trial court failed to make the requisite finding necessary to establish its

jurisdiction over the matter as contemplated by *Mandelbaum*, the trial court erred in proceeding to determine that the existing support order should be modified. See *Mandelbaum* at syllabus; *Tufts* at ¶11.

{¶6} Thus, to the extent Mr. Weir asserts in his assignments of error that the trial court's modification of the support order was error, we agree, albeit not for the reasons advanced by Mr. Weir. See *Johns* at ¶11.

III.

{¶7} In light of our conclusion that the trial court erred by not making the requisite findings to establish jurisdiction over Mr. Weir's motion to terminate or suspend spousal support, the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Judgment reversed,<br>and cause remanded.

---

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
EVE V. BELFANCE
FOR THE COURT

CARR, J.
DICKINSON, J.
CONCUR

APPEARANCES:

RICHARD J. MARCO, JR., Attorney at Law, for Appellant.

DENNIS E. PAUL, Attorney at Law, for Appellee.