[Cite as *Michaels v. Michaels*, 2012-Ohio-641.]

STATE OF OHIO      )                   IN THE COURT OF APPEALS
                         )ss:           NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA    )

ARTHUR J. MICHAELS              C.A. No.       11CA0012-M

       Appellant/Cross-Appellee

       v.                                APPEAL FROM JUDGMENT
                                        ENTERED IN THE
KIMBERLY A. MICHAELS         COURT OF COMMON PLEAS
                                         COUNTY OF MEDINA, OHIO
       Appellee/Cross-Appellant       CASE No.      05 DR 0182

DECISION AND JOURNAL ENTRY

Dated: February 21, 2012

---

BELFANCE, Presiding Judge.

**{¶1}** Appellant Arthur Michaels ("Husband") and Cross-Appellant Kimberly Michaels ("Wife") appeal from the judgment of the Medina County Court of Common Pleas, Domestic Relations Division. For the reasons set forth below, we reverse and remand the matter for proceedings consistent with this opinion.

I.

**{¶2}** This case has a lengthy procedural history, much of which has been recited in prior appeals to this Court. *See Michaels v. Michaels*, 9th Dist. No. 09CA0047-M, 2010-Ohio-963 ("*Michaels II"*); *Michaels v. Michaels,* 9th Dist. No. 07CA0058-M, 2008-Ohio-2251 ("*Michaels I"*). Thus, we will only briefly restate the relevant portions here.

**{¶3}** The parties were married July 26, 1986. In 2005, the parties filed for divorce. The trial court initially entered a judgment entry/decree of divorce on May 9, 2007. Husband appealed the entry, and while the appeal was pending, Husband filed a motion to modify spousal

support on December 26, 2007. This Court reversed the trial court's judgment on May 12, 2008. *Michaels I* at ¶ 21. The trial court entered a judgment entry/decree of divorce on July 24, 2009, reflecting the terms of a prior settlement agreement. Husband appealed that decision, and this Court affirmed the trial court's judgment in *Michaels II.*

{¶4}    On March 2, 2010, Husband filed a motion to modify spousal support. On January 11, 2011, the trial court concluded that:

> Husband['s] obligation to pay Spousal Support to Wife shall be modified and Husband shall pay to Wife as and for spousal support the sum of $2,000 a month for one hundred twenty (120) consecutive months. * * *
>
> The modification [of] Husband's obligation to pay spousal support shall be retroactive to January 1, 2008. The Court finds that on January 1, 2008, Husband was current in his monthly spousal support obligation of $6,500 and, in fact, had a $2,000 overpayment.
>
> In 2008[,] Husband paid $8,000. Giving Husband a $2,000 credit for the 2007 overpayment his 2008 arrearage is $14,000. Husband paid nothing for 2009 leaving him with an additional $24,000 arrearage. From June[] 2010[,] through November[] 2010, Husband paid $2,000 a month for a total of $10,000 leaving an arrearage of $12,000 (December not included.)
>
> The Court therefore finds Husband has a spousal support arrearage, after modification, of $50,000. Husband shall continue paying $2,000 a month at the conclusion of his 120 month obligation until the arrearage is extinguished.
>
> Considering the fact that the modification is retroactive to 2008, Husband is given credit for 35 months (December 2010 not included) and his obligation shall continue for an additional eighty five (85) months.

Husband has appealed, raising two assignment of error for our review, and Wife has cross-appealed raising two assignments of error for our review. To facilitate our review, the assignments of error will be rearranged.

II.

HUSBAND'S FIRST ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN EXTENDING THE TERM FOR PAYMENT OF SPOUSAL SUPPORT WHEN IT HAD NOT RETAINED JURISDICTION OVER THE [] TERM OF THE SPOUSAL SUPPORT AND LACKED JURISDICTION TO MODIFY IT.

{¶5}    Husband asserts in his first assignment of error that the trial court erred in altering the term of spousal support when the decree did not grant the trial court continuing jurisdiction to do so.  We agree.

{¶6}    We note that while the trial court could properly determine the amount and method of payment of arrearages, for the reasons outlined below, it did not have authority to extend the underlying term of spousal support given the lack of reservation of jurisdiction.  *See Boyer v. Boyer,* 9th Dist. No. 03CA0137-M, 2004-Ohio-5450, ¶ 14-18 (concluding that the "court's failure to reserve jurisdiction to modify the spousal support award itself is exclusive of and has no implications for the court's ability to enforce the payment of arrearages[]").

{¶7}    R.C. 3105.18(E)(1) provides that:

If a continuing order for periodic payments of money as alimony is entered in a divorce or dissolution of marriage action that is determined on or after May 2, 1986, and before January 1, 1991, or if a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, *the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines* that the circumstances of either party have changed and unless one of the following applies:

In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into *the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.*

(Emphasis added.)

**{¶8}** The 2009 divorce decree states:

Effective the 1st day of May, 2007, the Husband shall pay, as and for spousal support, * * * the sum of $6,500 per month * * * until the first of the following events shall occur:

Wife's death;

Husband's death;

Wife's remarriage;

Eighty-three (83) consecutive months.

The Medina County Domestic Relations Court shall specifically retain jurisdiction to modify the amount of spousal support. However, the Medina County Domestic Relations Court shall not retain jurisdiction to modify the term of the spousal support.

**{¶9}** In the instant matter, the trial court clearly altered the term of spousal support. As the language of the decree did not provide for the modification of the term of the spousal support, and instead only provided the trial court with continuing jurisdiction to modify the amount, the trial court was without jurisdiction to modify the duration of the spousal support award. *See Vengrow v. Vengrow,* 9th Dist. No. 24907, 2010-Ohio-2568, ¶ 24 (concluding that because "[t]he trial court had not reserved jurisdiction to modify the spousal support payments in regard to duration in its February 25, 2003 judgment entry * * * the trial court was without authority to extend the duration of support payments in its July 10, 2009 order[]"). Accordingly, we sustain Husband's first assignment of error.

WIFE'S SECOND ASSIGNMENT OF ERROR

THE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT GRANTED HUSBAND'S MOTION TO MODIFY SPOUSAL SUPPORT WHEN THE EVIDENCE AT TRIAL INDICATED THAT THE CHANGE IN CIRCUMSTANCES PRESENTED BY THE HUSBAND, AT TRIAL, WAS CONTEMPLATED AT THE TIME OF THE ORIGINAL DECREE.

{¶10} Wife asserts in her second assignment of error that Husband failed to supply evidence that the substantial change of circumstances prompting the spousal support modification was not contemplated at the time of the original decree. However, as the trial court failed to make the requisite findings under *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, paragraph two of the syllabus, necessary to establish its jurisdiction, we do not reach the merits of Wife's specific argument.

> It is well established that R.C. 3105.18 requires a two-step analysis before an award of spousal support may be modified. The first step is jurisdictional * * * .

(Internal citations omitted.) *Tufts v. Tufts*, 9th Dist. No. 24871, 2010-Ohio-641, ¶ 8. The Supreme Court held in *Mandelbaum* that:

> [a] trial court lacks jurisdiction to modify a prior order of spousal support unless the decree of the court expressly reserved jurisdiction to make the modification and unless the court finds (1) that a substantial change in circumstances has occurred and (2) that the change was not contemplated at the time of the original decree.

*Id.* at paragraph two of the syllabus. "Once jurisdiction is established, the second step of the analysis requires the trial court to determine whether the existing support order should be modified in light of the change in circumstances that has occurred. Such a determination is conducted in consideration of the factors set forth in R.C. 3105.18(C)." (Internal citations omitted.) *Tufts* at ¶ 8.

{¶11} Here, as noted above, the decree reserved jurisdiction to modify the amount, but not the term of spousal support. Thus, we examine whether the remaining prongs of *Mandelbaum* have been met. This Court has interpreted *Mandelbaum* to require the trial court to specifically find that there has been a substantial change of circumstances which was not contemplated at the time of the original decree in order to modify a spousal support award. *See Johns v. Johns*, 9th Dist. No. 24704, 2009-Ohio-5798, ¶ 8-10 (reversing the decision of the trial

court because "[n]either the trial court's decision, nor the magistrate's decision include[d] the findings that the change of circumstances was substantial and that the change was not contemplated at the time of the divorce[]"); see also *Weir v. Weir*, 9th Dist. No. 10CA0058-M, 2011-Ohio-2992, ¶ 5 (concluding that "because the trial court failed to make the requisite finding necessary to establish its jurisdiction over the matter as contemplated by *Mandelbaum,* the trial court erred in proceeding to determine that the existing support order should be modified[]"); *Tufts* at ¶ 11 (determining the trial court erred in modifying the spousal support award when "it did not recount whether there was a substantial change in circumstances and that the change was not contemplated by the parties at the time of the divorce[]"). The trial court's entry in this matter is devoid of either of these findings, and there is no language to suggest the trial court considered the standard pronounced in *Mandelbaum*. While the trial court's entry states that it found that "there is a significant change in Husband's financial well-being[,]" the trial court did not go on to find that there was a substantial change in circumstances not contemplated at the time of the original decree. *Mandelbaum* at paragraph two of the syllabus. Accordingly, as the trial court did not make the requisite findings, it committed reversible error in modifying the spousal support award. *See Weir* at ¶ 5; *Tufts* at ¶ 12; *Johns* at ¶ 10. Thus, we sustain Wife's assignment of error to the extent she asserts the trial court erred in modifying the spousal support award. We reverse the trial court's modification of the spousal support award, and remand for proceedings consistent with this opinion.

HUSBAND'S SECOND ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DETERMINING THAT A DEFICIENCY IN SPOUSAL SUPPORT EXISTED DURING A PERIOD IN WHICH THE HUSBAND HAD LOSSES AND NO INCOME, HAD NO LIQUID ASSETS AND HAD ALREADY MOVED THE COURT TO REDUCE THE SPOUSAL SUPPORT FOR THOSE REASONS.

WIFE'S FIRST ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DESIGNATING THE EFFECTIVE DATE OF HUSBAND'S SPOUSAL SUPPORT AS OF JANUARY 1, 2008.

{¶12}    In light of our resolution of Husband's first, and Wife's second, assignments of error we decline to address the remaining assignments of error.

III.

{¶13}    In light of the foregoing, we sustain Husband's first and Wife's second assignments of error, as discussed above.  The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is reversed, and this matter is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

EVE V. BELFANCE
FOR THE COURT

CARR, J.
WHITMORE, J.
CONCUR

APPEARANCES:

RONALD N. TOWNE and ANN L. WEHENER, Attorneys at Law, for Appellant/Cross-Appellee.

JEFFREY V. HAWKINS, Attornery at Law, for Appellee/Cross-Appellant.