[Cite as *Lavery v. Akron Dept. of Pub. Serv.*, 2013-Ohio-918.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

THOMAS LAVERY

     Appellant

     v.

AKRON HOUSING APPEALS BOARD,
DEPT. OF PUBLIC SERVICE

     Appellee

C.A. No.     26369

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2011 07 3978

DECISION AND JOURNAL ENTRY

Dated: March 13, 2013

CARR, Judge.

{¶1}    Appellant Thomas Lavery appeals from the judgment of the Summit County Court of Common Pleas. This Court reverses and remands.

I.

{¶2}    In 2011, the Akron Department of Public Service, Housing Division ("Housing Division") received a complaint regarding the condition of Mr. Lavery's residential property located on Portage Path in Akron, Ohio. After inspecting the property, the Housing Division issued a repair order directing Mr. Lavery to keep the dwelling unit vacant until he had resolved several Akron Environmental Health Housing Code violations to the Housing Division's satisfaction.

{¶3}    Mr. Lavery appealed the repair order to the Akron Housing Appeals Board ("the Board"), which denied his appeal. He then filed an administrative appeal of the Board's decision

to the common pleas court. On September 2, 2011, the Board filed a notice that it had filed the administrative record on September 6, 2011, four days after the notice of filing.

{¶4} On September 14, 2011, the administrative judge of the common pleas court approved a transfer of the case from the judge to whom the case had been originally assigned to another judge for the reason that the case was a refiled case. There is nothing on the transfer approval form indicating that a copy was sent to either party or directing the clerk to notify the parties of the transfer.

{¶5} On October 11, 2011, the Board filed a motion to dismiss the appeal for failure to prosecute. The Board argued that Mr. Lavery had failed to timely file a brief as required by Summit County Court of Common Pleas Local Rule ("Loc.R.") 19.03. Mr. Lavery opposed the motion for dismissal and further moved for an extension of time to file his brief and for clarification from "either Judge" regarding the filing of his brief and supplementing the record with missing evidence. In support, Mr. Lavery argued that the time limit for filing a brief set out in Loc.R. 19.03 is not mandatory and does not require dismissal of his appeal. The Board replied and reiterated its motion for dismissal, or in the alternative, that the trial court consider the merits of the appeal without allowing Mr. Lavery to submit additional evidence. The trial court, strictly construing Loc.R. 19.03(a), granted the Board's motion and dismissed Mr. Lavery's appeal for failure to file a brief within thirty days of the filing of the record. Mr. Lavery appealed, raising three assignments of error for review. This Court reviews the third assignment of error first as it is dispositive of the appeal.

II.

**ASSIGNMENT OF ERROR III**

APPELLANT'S ADMINISTRATIVE APPEAL TO SUMMIT COUNTY
COMMON PLEAS COURT WAS UNREASONABLY DISMISSED, DUE

MORE TO CONFUSION REGARDING CHANGES INCLUDING THE TRANSFER OF THE CASE AND POSSIBLE DIFFERENCES IN JUDGE POLICIES AND PROCEDURES, NOT SIMPLY AS APPEARS IN "NOT FILING A BRIEF" IN TIME.

**{¶6}** Mr. Lavery argues that the trial court erred in dismissing his administrative appeal. This Court agrees.

**{¶7}** The trial court dismissed Mr. Lavery's administrative appeal based on his violation of the mandates of Loc.R. 19.03(a). "[T]his Court reviews the trial court's interpretation or application of its local rules for an abuse of discretion." *Michaels v. Michaels*, 9th Dist. No. 07Ca0058-M, 2008-Ohio-2251, ¶ 13. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶8}** Loc.R. 19.03(a) states that an appellant shall file his brief within 30 after the filing of the record "[i]n all appeals where no additional evidence is required[.]" Loc.R. 19.03(d) allows the trial court to extend the time for filing a brief for good cause shown. Moreover, although section (d) allows the trial court to dismiss the appeal if the appellant has not timely filed a brief, it also provides that the trial court may "otherwise dispose of the case as justice requires."

**{¶9}** In this case, Mr. Lavery received ambiguous information regarding the date of the filing of the record. The Board filed its notice of filing four days before it asserted it actually filed the record. Although the "Record of Proceedings" document, certifying the record, is time-stamped on September 2, 2011, that document bears no indication that it was served on any party. Moreover, it was not filed by the same office that filed the notice of filing of the record. Additional confusion arose when the administrative judge transferred the case from one judge's docket to another on the basis that it was a refiled case. Both the Board and Mr. Lavery agreed

below that the case did not constitute a refiled case. Given the disparities and confusion in the record, it is understandable that Mr. Lavery was unclear as to when and in which court he was to file a brief.

{¶10} Without considering Mr. Lavery's request for an extension of time to file his brief under those circumstances, the trial court interpreted the time limits in Loc.R. 19.03(a) as mandatory and inviolable. First, while Loc.R. 19.03(d) in fact allows the trial court to dismiss an administrative appeal for failure to comply with the rule's briefing schedule, the timetable for such appeals is only applicable in appeals "where no additional evidence is required[.]" Here, Mr. Lavery notified the trial court that the record appeared to be incomplete, thereby raising the issue of whether any additional evidence was required. However, the trial court did not consider this issue. Second, even if this appeal required no additional evidence, the trial court's failure to acknowledge the existence of an exception to the briefing timetable set out in Loc.R. 19.03(d) was unreasonable under these circumstances where both the date of filing of the record and the identity of the judge presiding over the appeal were unclear. The trial court failed to consider whether Mr. Lavery presented "good cause shown" for extending the time limits for briefing and unreasonably abrogated the exceptions in Loc.R. 19.03(d), which expressly permit the court to otherwise, (i.e., in lieu of dismissal) dispose of the case "as justice requires." Accordingly, the trial court abused its discretion by dismissing Mr. Lavery's appeal. Mr. Lavery's third assignment of error is sustained.

## ASSIGNMENT OF ERROR I

APPELLANT'S APPEAL TO AKRON HOUSING APPEALS BOARD WAS PERFUNCTORILY AND UNREASONABLY DENIED AGAINST THE WEIGHT OF THE EVIDENCE AND WITH NO JUST CAUSE FOR THE ORIGINAL COMPLAINT AND NO STANDING FOR THE ORIGINAL COMPLAINANT.

5

## ASSIGNMENT OF ERROR II

THE RECORD AS FILED WAS INCOMPLETE (DID NOT INCLUDE THE APPELLEE'S PICTURES) AND NOT SIMPLY A MATTER OF APPELLANT'S ALLEGED ATTEMPT TO SUPPLEMENT THE RECORD.

{¶11} Based on our resolution of Mr. Lavery's third assignment of error, we decline to address his remaining assignments of error because they are not ripe for review.

III.

{¶12} Mr. Lavery's third assignment of error is sustained. We decline to review the first and second assignments of error. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

BELFANCE, J.
CONCURS.

MOORE, P. J.
DISSENTING.

{¶13} As I do not believe that the trial court abused its discretion in dismissing Mr. Lavery's administrative appeal, I respectfully dissent.

{¶14} I do not read Mr. Lavery's October 24, 2011 response as expressing that he was unclear as to where or when his brief was due. Instead, Mr. Lavery argued that, because he did not receive a copy of the record and because no judge had notified him as to when his brief was due, the trial court should not dismiss his administrative appeal pursuant Loc.R. 19.03(D). Therefore, Mr. Lavery based his failure to file his brief on his assumptions that he was entitled to have a copy of the administrative record delivered to him and that the trial court should have provided him individualized direction as to the briefing schedule. I cannot conclude that the trial court's rejection of Mr. Lavery's assumptions rendered its dismissal of the administrative appeal in accordance with its Local Rules unconscionable, arbitrary, or unreasonable. *See Blakemore* at 219. *See also Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993) (when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court). Accordingly, I would overrule Mr. Lavery's third assignment of error.

APPEARANCES:

THOMAS LAVERY, pro se, Appellant.

CHERI B. CUNNINGHAM, Director of Law, and JOHN R. YORK and SEAN W. VOLLMAN, Assistant Directors of Law, for Appellee.