[Cite as *Michaels v. Michaels*, 2013-Ohio-984.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

ARTHUR J. MICHAELS

    Appellee

    v.

KIMBERLY A. MICHAELS

    Appellant

C.A. No.      12CA0029-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    05 DR 0182

DECISION AND JOURNAL ENTRY

Dated: March 18, 2013

WHITMORE, Judge.

{¶1} Appellant, Kimberly Michaels ("Wife"), appeals from the judgment of the Medina County Court of Common Pleas, Domestic Relations Division. This Court affirms.

I

{¶2} This case has an extensive procedural history. *See Michaels v. Michaels*, 9th Dist. No. 11CA0012-M, 2012-Ohio-641 ("*Michaels III*"); *Michaels v. Michaels*, 9th Dist. No. 09CA0047-M, 2010-Ohio-963 ("*Michaels II*"); *Michaels v. Michaels*, 9th Dist. No. 07CA0058-M, 2008-Ohio-2251 ("*Michaels I*"). We include only the portions here that are relevant to this appeal.

{¶3} In April 2007, Wife and Appellee, Arthur Michaels ("Husband"), entered into a settlement agreement, which the parties asserted resolved all issues related to their pending divorce. Husband agreed to pay Wife $6,500 a month in spousal support for 83 months. In

December 2007, Husband filed his first motion to modify his spousal support obligation. Because of multiple appeals from the divorce decree, the court did not hold a hearing on Husband's motion until November 2010.

{¶4} After the hearing, the court ordered the support payments reduced to $2,000 a month and extended the term of support from 83 to 120 months. This Court reversed. *Michaels III*. We concluded that the trial court lacked jurisdiction to modify the duration of the spousal support and that, as to the reduction in the amount of payments, the trial court had failed to make findings that a substantial change had occurred that was not contemplated by the parties at the time of the agreement. *Id.* at ¶ 9, 11.

{¶5} On remand, the trial court entered a judgment entry ordering Husband to pay Wife $3,000 a month is spousal support for 84 months.[1] The court expressly found that (1) there was a significant change in Husband's financial well-being, and (2) the parties had not realized, at the time of the agreement, how much the housing industry would suffer in the economic downturn. Wife now appeals and raises two assignments of error for our review.

II

Assignment of Error Number One

HUSBAND FAILED TO PROVIDE EVIDENCE THAT MEETS THE REQUIREMENTS OF MANDELBAUM V[.] MANDELBAUM [ ], 121 OHIO ST.3D[] 433, 2009 OHIO 1222, 905 N.E. 2D 172.

{¶6} In her first assignment of error, Wife argues that the trial court erred in modifying Husband's spousal support obligation because he failed to prove that the change in circumstances was not contemplated by the parties at the time of the original decree.

---

[1] We note that the current judgment entry lists the agreement as 84 months. This appears to be a typographical error. The transcript from the April 2007 hearings, and the prior divorce decrees entered into the docket, clearly indicate that the parties agreed to 83, not 84, months of support. This issue, however, was not raised on appeal.

{¶7} This Court reviews a trial court's decision to modify spousal support under an abuse of discretion standard. *Johnson v. Johnson*, 9th Dist. No. 24159, 2008-Ohio-4557, ¶ 5. An abuse of discretion indicates that the court's decision was arbitrary, unconscionable, or unreasonable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "Consequently, when applying this standard, an appellate court is not free to substitute its judgment for that of the trial judge." *Berk v. Matthews*, 53 Ohio St.3d 161, 169 (1990).

{¶8} "[A] trial court lacks jurisdiction to modify a prior order of spousal support unless the decree of the court expressly reserved jurisdiction to make the modification and unless the court finds (1) that a substantial change in circumstances has occurred and (2) that the change was not contemplated at the time of the original decree." *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, ¶ 33.

{¶9} Here, the divorce decree entered on July 24, 2009, included the following language: "The Medina County Domestic Relations Court shall specifically retain jurisdiction to modify the amount of spousal support." Therefore, the court had expressly reserved jurisdiction to make the modification at issue. The question remains whether there was a substantial change in circumstances that was not contemplated by the parties at the time of the original decree.

{¶10} A hearing was held on Husband's motion to modify his spousal support obligation on November 8, 2010. At this hearing, the court heard extensive evidence of the financial statuses of the various businesses in which Husband has an ownership interest. Husband also testified about his personal income and debts. Husband argued that he was no longer financially able to make the spousal support payments of $6,500 a month because the economic downturn in the housing market had left him with only a fraction of the income that he had been receiving in the prior years.

{¶11} There is evidence in the record that Husband knew that he could not afford the spousal support payments prior to entering into the agreement. Husband cannot avoid the agreement he entered into merely because he could not afford it. However, this is a separate issue from whether there was an unforeseen change in circumstances which would allow the court to modify the support amount.

{¶12} Wife argues that the change in the housing industry was foreseeable and, in fact, had already begun when Husband entered into the agreement to pay spousal support. Therefore, according to Wife, Husband cannot meet the *Mandelbaum* test because the decline in the housing market was a circumstance of which the parties were aware at the time of the agreement.

{¶13} The trial court found that while "[t]he dark clouds of pending economic disaster [ ] hovered over the housing industry when the parties signed their agreement[,] * * * it is unlikely that the parties realized the depths the housing industry would fall at that time * * *." We cannot conclude that this finding was arbitrary, unconscionable, or unreasonable. *See Blakemore*, 5 Ohio St.3d at 219.

{¶14} At the hearing, Husband presented evidence of millions of dollars in defaulted loans to the various businesses, which Husband had personally guaranteed. While it does appear that Husband has been personally released from some of these business debts, a significant amount remains. The corporate default letters presented range in date from December 2008 to September 2010.

{¶15} Because the businesses were all struggling, Husband testified that he has been unable to take distributions. According to Husband, these distributions were his primary source of income. Husband also presented evidence of personal credit card debts in excess of $200,000.

According to Husband, he had been using his credit cards to make spousal support payments in 2007 and for general living expenses.

{¶16} At the time of the settlement agreement, Husband was aware of the reduced value of his businesses. However, the devastating decline in the housing industry ultimately resulted in the failure of some of the businesses. There is no evidence that the parties contemplated any of the businesses failing or such a drastic decline in the housing market. The trial court's conclusion that the parties, at the time of the agreement, had not realized how far the market would decline was not an abuse of discretion. Accordingly, Wife's first assignment of error is overruled.

Assignment of Error Number Two

HUSBAND SHOULD HAVE BEEN FOUND IN CONTEMPT FOR NONPAYMENT OF SPOUSAL SUPPORT.

{¶17} In her second assignment of error, Wife argues that the trial court abused its discretion when it failed to find Husband in contempt for his failure to pay spousal support as ordered.

{¶18} At the time of the hearing there were multiple motions pending before the court. Wife had two motions to show cause and a motion to appoint a receiver pending. Husband had motions to modify support pending. The court entered a judgment on January 11, 2011, in which it modified the support and dismissed Wife's motions. Both parties appealed this judgment entry. However, the only arguments raised on appeal were related to the modified support. No issues were raised with regard to Wife's dismissed motions.

{¶19} This Court reversed the modification of support because the trial court had not retained jurisdiction over the duration of support and had failed to make the necessary findings that a significant, unforeseen change in circumstances had occurred. *Michaels III*, 2012-Ohio-

641, at ¶ 9-11. This Court's reversal did not affect the trial court's decision to dismiss the motions to show cause and the motion to appoint a receiver. *See In re T.G.*, 9th Dist. No. 04CA0040, 2004-Ohio-5173, ¶ 8-9. *See also Chepp v. Chepp*, 2d Dist. No. 2010-CA-113, 2011-Ohio-4451, ¶ 15-20.

{¶20} "Where an argument could have been raised on an initial appeal, res judicata dictates that it is inappropriate to consider that same argument on a second appeal following remand." *State v. D'Ambrosio*, 73 Ohio St.3d 141, 143 (1995). *Accord In re S.J.*, 9th Dist. No. 23199, 2006-Ohio-6381, ¶ 13-15. Because Wife could have raised her second assignment of error in her previous appeal, the issue is barred by the doctrine of res judicata. Accordingly, Wife's second assignment of error is overruled.

III

{¶21} Wife's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

BETH WHITMORE
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

REBECCA A. CLARK, Attorney at Law, for Appellant.

RONALD N. TOWNE and ANN L. WEHENER, Attorneys at Law, for Appellee.