[Cite as *Barney v. Barney*, 2013-Ohio-5407.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

BARBARA A. BARNEY

     Appellee/Cross-Appellant

     v.

JOHN ALAN BARNEY

     Appellant/Cross-Appellee

C.A. No.     26855

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     2007-08-2669

DECISION AND JOURNAL ENTRY

Dated: December 11, 2013

WHITMORE, Judge.

{¶1} Appellant/Cross-Appellee, John Barney ("Husband"), appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. Additionally, Appellee/Cross-Appellant, Barbara Barney ("Wife"), cross-appeals from the court's judgment on several grounds. This Court affirms.

I

{¶2} Husband and Wife married in 1969 and have three adult children. In August 2007, Wife filed for divorce, and the parties eventually entered into a separation agreement. The court incorporated the separation agreement into the parties' divorce decree, which it issued on March 3, 2008. Pursuant to the decree, Husband agreed to pay Wife spousal support for the remainder of her life in the amount of $4,000 per month. The spousal support provision further provided that "both parties agree[d] that [the] provision [would] be modifiable and intend[ed] to modify same upon Husband's retirement."

**{¶3}** In April 2011, Husband filed a motion to modify his support obligation based on a reduction in his income. After he filed his motion, Husband stopped paying the full amount of his support obligation and failed to respond to Wife's discovery requests. Wife then filed a contempt motion against Husband for his failure to pay and a motion for sanctions based on Husband's failure to respond to her discovery requests. Both of Wife's motions sought reimbursement for the attorney fees and expenses she incurred in pursuing a contempt ruling against Husband and in contending with his failure to respond to her discovery requests.

**{¶4}** On November 15, 2011, a magistrate issued a decision on Wife's motion for sanctions. The decision indicated that the parties had "reached an agreement" and, by virtue of that agreement, Husband's motion to modify and Wife's motion for sanctions were dismissed. The decision further provided that Husband would pay Wife the expenses she had incurred in pursuing sanctions against him. That same day, the trial court issued a judgment entry adopting the magistrate's decision. No objections to the magistrate's decision were filed. A hearing date was set for Wife's outstanding motion for contempt.

**{¶5}** On January 24, 2012, a magistrate issued a decision on Wife's motion for contempt. The decision found Husband in contempt as a result of his failure to pay the full amount of his spousal support obligation and noted that, as of November 30, 2011, he owed $20,600 in arrearages. The magistrate ordered Husband to pay $800 per month towards his arrearages in addition to his monthly $4,000 support payment in order to purge the contempt. The decision further indicated that the parties had "reached an agreement * * * which includes an award of attorney fees to [Wife's] counsel of $600.00." That same day, the trial court issued a judgment entry adopting the magistrate's decision. Once again, no objections to the magistrate's decision were filed.

**{¶6}** In March 2012, Husband filed a motion to terminate and/or modify his spousal support obligation based on a reduction in his income and changes in his health status. Wife responded by filing another motion for contempt, sanctions, and attorney fees on the basis that Husband had not complied with the terms of the court's January 24, 2012 judgment entry. Specifically, Wife averred that Husband had failed to pay her $4,800 a month in support and had not paid her attorney fees. She further averred that she had incurred additional fees "relative to the support issues [Husband] raised, and relative to the filing of this motion." A magistrate held a hearing on both Husband's and Wife's motions on July 12, 2012.

**{¶7}** On October 15, 2012, the magistrate issued a decision on the parties' respective motions. Although the magistrate found that a substantial change in circumstances had occurred since the parties' divorce, the magistrate concluded that Husband's support obligation should remain the same. Consequently, she ordered Husband to continue paying Wife $4,000 per month in spousal support, plus $800 towards his arrearages. The magistrate also denied Wife's motion for contempt, but awarded her over $12,000 in attorney fees. Subsequently, Husband objected to the magistrate's decision.

**{¶8}** On March 7, 2013, the trial court issued a judgment entry in response to Husband's objections. The trial court found that a substantial change in circumstances had occurred since the parties' divorce and that a reduction in Husband's support obligation was warranted. The court reduced Husband's support obligation to $2,983.33 per month, plus $596.66 per month towards the outstanding arrearages. Further, the court found that it would be inequitable to award Wife her attorney fees, given the parties' specific circumstances.

**{¶9}** Both Husband and Wife now appeal from the court's judgment and collectively raise three assignments of error for our review.

II

Husband's Assignment of Error

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY UTILIZING A THREE YEAR AVERAGE OF MR. BARNEY'S INCOME FOR SPOUSAL SUPPORT REVIEW PURPOSES.

{¶10} In his sole assignment of error, Husband argues that the trial court abused its discretion in calculating his spousal support obligation. Specifically, he argues that the court abused its discretion by averaging his three prior years' worth of income to reach his income-level for purposes of calculating his support obligation. We disagree.

{¶11} Generally, absent an error of law, "the decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion." *Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009-Ohio-3788, ¶ 5. "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18. "A trial court's decision regarding spousal support will not be reversed on appeal absent an abuse of discretion." *Tufts v. Tufts*, 9th Dist. Summit No. 24871, 2010-Ohio-641, ¶ 7. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶12} Initially, we note that Husband has not challenged any of the individual income figures that the court used in calculating his income-level. Husband's argument, therefore, does not include any challenge to the court's factual determinations regarding his average net income. *Compare Nelson v. Nelson*, 9th Dist. Medina No. 10CA0115-M, 2011-Ohio-6200, ¶ 7-18. Husband's sole argument is that the court abused its discretion by averaging his income figures for the past three years to reach his annual income amount. He argues that both the downshift in

the market and the evidence of the health problems he recently suffered support the conclusion that the court's decision to average his income was unreasonable.

{¶13}  Husband testified that his income derived primarily from three sources: (1) two closely-related companies named Sugihara Trading of California, Inc. ("Sugihara Trading") and Quality Fastener Company ("Quality Fastener"); (2) another company named Tri-State Tool & Die ("Tri-State"); and (3) Husband's personal importing business, J.A. Barney Associates. Sugihara Trading and Quality Fastener paid Husband a monthly draw while Tri-State paid him by commission.  Husband testified that his monthly draw from Sugihara Trading and Quality Fastener had decreased from the time of the parties' divorce.  Husband vaguely attributed the decrease to the "fast changing world [] where business is done" and the fact that the original owners of the companies had passed ownership to their sons.  As to his income from Tri-State, Husband testified the he was paid 7% commission of the gross sales he made for the company selling its product.  Husband testified that Tri-State's market was a very competitive one, but admitted that, despite the difficult market, his commission figures over the years had remained fairly consistent.  Even so, Husband averred that recent health setbacks he had suffered would impact the amount of income he received from both Tri-State and J.A. Barney Associates.

{¶14}  Husband testified that he underwent triple bypass surgery on May 3, 2012, and spent six weeks recovering before returning to work.  When he did return, Husband was unable to immediately work full-time and struggled with post-surgical complications such as depression, agitation, and concentration issues.  Yet, Husband insisted he was not retiring and intended to "get back to work" and "make something happen."  He testified that it was his "goal in life" to replace the accounts that had been lost during his surgery and recovery period.  Further, Husband

acknowledged both that his surgery could result in positive changes to his health once he was fully recovered and that his job was not a physically demanding one.

{¶15} Husband admitted that the ratio between his gross income and net profits was unpredictable because his expenses varied widely year to year. He explained that the differences were largely due to the fact that importing requires items to be purchased in one year at a large cost while any profits from the sale of those items might not be realized that same year. Husband testified that, in general, his gross income levels had fallen since 2008. Husband also has conceded, however, that his "income levels have historically been cyclical," such that periods of lower income have been followed by periods of higher income.

{¶16} Having reviewed the record, we cannot conclude that the court below abused its discretion by averaging Husband's income. Although Husband suffered health setbacks, he was adamant that he had no intention to retire as a result of them and that his goal was to gain back any business he had lost. The evidence was that both Husband's income and his expenses were variable, such that they were difficult to predict. At least a portion of that difficulty was owing to the fact that Husband received some of his income from commissions. *See Smith v. Smith*, 9th Dist. Summit No. 26013, 2012-Ohio-1716, ¶ 26-30 ("This Court has previously recognized the difficulty of establishing reasonable spousal support when a party's income is based on commissions."). The other difficulty in predicting Husband's income level stemmed from fluctuations in the business market itself. This Court has recognized that three-year income averaging may be appropriate where less than ideal market conditions have impacted a party's income and contributed to its fluctuation. *Id. Accord Krone v. Krone*, 9th Dist. Summit No. 25450, 2011-Ohio-3196, ¶ 18-19. In light of the circumstances here, we must conclude that the decision to average Husband's income was not unreasonable, arbitrary, or unconscionable.

Thus, the trial court did not err by adopting the magistrate's decision to average Husband's income. Husband's sole assignment of error is overruled.

Wife's Assignment of Error Number One

THE TRIAL COURT ABUSED ITS DISCRETION IN DOWNWARDLY MODIFYING CROSS-APPELLANT'S SPOUSAL SUPPORT AWARD WHEN IT GAVE INSUFFICIENT CONSIDERATION TO THE CROSS-APPELLEE'S EARNING CAPACITY WHICH DWARFED THAT OF THE CROSS-APPELLANT.

{¶17} In her first assignment of error, Wife argues that the trial court abused its discretion by granting Husband's motion to modify and reducing the amount of his spousal support obligation. Specifically, Wife argues that the court failed to properly consider Husband's earning capacity. We disagree.

{¶18} We incorporate the standard of review set forth in Husband's sole assignment of error. Accordingly, we review the trial court's decision to reject and/or modify the magistrate's decision and reduce Husband's support obligation for an abuse of discretion. *Barlow*, 2009-Ohio-3788, at ¶ 5; *Tabatabai*, 2009-Ohio-3139, at ¶ 18. *See also Michaels v. Michaels*, 9th Dist. Medina No. 12CA0029-M, 2013-Ohio-984, ¶ 7 ("This Court reviews a trial court's decision to modify spousal support under an abuse of discretion standard.").

{¶19} In selecting an appropriate amount of spousal support, R.C. 3105.18 directs a court to consider "[t]he relative earning abilities of the parties." R.C. 3105.18(C)(1)(b). Wife argues that the court failed to properly consider the parties' relative earning abilities because the evidence was that Husband's earning ability far exceeded her own and always would.

{¶20} In rejecting the magistrate's rationale to continue Husband's support obligation at the $4,000 level, the trial court issued specific findings regarding Husband's earning abilities. The court wrote that:

21. [Husband's] earning ability has decreased due in large part to [his] health problems. Further, the changes in the market [have] caused J.A. Barney Associates, and thereby [Husband], to experience a decrease in profit.

22. [Husband's] health problems, both physical and mental, have contributed to his reduced earning capacity.

Accordingly, while Wife's earning capacity was lower than Husband's, the court determined that a reduction in Husband's earning capacity had occurred and that fact, among others, warranted a lesser support obligation.

{¶21} The evidence related to Husband's health issues and resulting financial troubles is outlined above. Wife testified at the hearing that she worked part-time as a medical transcriptionist until 2009 when she lost her job. According to Wife, she looked for another similar job while she still had a computer, but could not find one. Wife also testified at the November 2012 hearing, however, that she had not had a computer "for three years." Therefore, it appears that Wife stopped having access to a computer, and looking for a job, very soon after she lost her job in 2009. Wife acknowledged that her spousal support award was her only form of income other than her social security, which she had elected to take because she needed additional monies to cover her expenses.

{¶22} Having reviewed the record, we do not agree that the court failed to consider the parties' respective earning abilities or abused its discretion by concluding that Husband's health problems affected his earning ability. The evidence was that Husband possessed numerous health concerns that he did not possess at the time of the divorce. Although Husband planned to continue working, the evidence supports the conclusion that his health problems had already posed difficulties for him and would continue to do so going forward. Husband was recovering well from his triple bypass, but also testified that he had become insulin dependent after the surgery and might require additional heart surgery in the near future if he remained healthy

enough to have it performed. He was also suffering from depression and having difficulties with his mental agility. Meanwhile, Wife had experience as a medical transcriptionist, but had stopped any attempts to seek out employment.

{¶23} We note that the earning ability of the parties was only one factor that caused the court to modify Husband's support obligation. Wife has not challenged the court's findings on any of the other factors it considered or its ultimate decision, in light of all those findings, to modify Husband's support obligation. Given the evidence and argument before us, we cannot conclude that the court abused its discretion in its earning ability determination. Consequently, Wife's first assignment of error is overruled.

Wife's Assignment of Error Number Two

> THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING CROSS-APPELLANT AN AWARD FOR ANY PART OF HER ATTORNEY'S FEES.

{¶24} In her second assignment of error, Wife argues that the trial court abused its discretion by not awarding her the attorney fees she incurred in defending against Husband's support modification requests. We disagree.

{¶25} R.C. 3105.73(B) provides, in relevant part, that:

> [i]n any post-decree motion or proceeding that arises out of an action for divorce, * * * the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets.

"[Section] 3105.73 gives the court broad discretion in determining attorney fees. Its award will not be disturbed on appeal absent a showing of a clear abuse of discretion by the court." *King v. King*, 9th Dist. Medina Nos. 11CA0006-M, 11CA0023-M & 11CA0069-M, 2012-Ohio-5219, ¶ 37, quoting *Miller v. Miller*, 9th Dist. Wayne No. 07CA0061, 2008-Ohio-4297, ¶ 71. An abuse

of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore*, 5 Ohio St.3d at 219.

{¶26} Wife sought over $12,000 in attorney fees for the time her attorney expended defending against Husband's first and second motions to modify his support order. Although the magistrate awarded Wife her fees, the trial court sustained Husband's objection to the award. The trial court determined that an award of attorney fees would be inequitable under the circumstances, given Husband's current income level and the fact that he had prevailed on his second motion to modify. Wife argues that the court abused its discretion in refusing to award her fees because (1) Husband's refusal to comply with her discovery requests resulted in higher fees for her, (2) he only dismissed his first motion to modify after she had mounted considerable evidence against him, and (3) her income was far less than Husband's.

{¶27} The record reflects that Wife was awarded the attorney fees and expenses she requested when Husband dismissed his first motion to modify and when she had to pursue sanctions against him for his failure to respond to her discovery requests. Wife never challenged the amount of fees and expenses that the court awarded her in November 2011 and January 2012. At the July 2012 hearing, however, Wife's attorney sought fees from May 2011 forward. Wife's attorney then agreed that it would be appropriate to deduct $1,708 from her fee calculations, as that was the amount of fees the court awarded in November 2011.

{¶28} Wife fails to explain why the court's prior award of attorney fees and expenses did not compensate her for Husband's failure to respond to discovery and her defense of Husband's first motion. *See* App.R. 16(A)(7). If Wife felt that the court's award did not fully compensate her, she was free to object to the magistrate's decision on that issue and pursue an appeal if the court overruled her objection. Wife chose not to do so. Additionally, the record

reflects that Husband filed his second motion to modify within a year of filing his first motion. Wife has not explained why the discovery she obtained on Husband's first motion would not have largely translated to his second motion. *See id.*

{¶29} Although Wife's income was less than that of Husband's, we cannot conclude that the court abused its discretion by finding that an award of attorney fees would be inequitable. Husband's motion to modify had merit, and the evidence was that he was trying to improve his financial picture despite having suffered serious health problems and experiencing a downward shift in the market. Meanwhile, Wife chose to rely solely on her spousal support and her social security for income. The record supports the conclusion that both parties were having financial problems. Therefore, we cannot conclude that the court acted unreasonably, arbitrarily, or unconscionably in rejecting the magistrate's decision to award Wife attorney fees. Wife's second assignment of error is overruled.

### III

{¶30} Husband's sole assignment of error is overruled. Similarly, Wife's first and second assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

                                                                                        BETH WHITMORE
                                                                                        FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

ROBERT C. BAKER, Attorney at Law, for Appellant/Cross-Appellee.

PAMELA J. MACADAMS, Attorney at Law, for Appellee/Cross-Appellant.