[Cite as *Wuscher v. Wuscher*, 2014-Ohio-377.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MARK R. WUSCHER

    Appellee

    v.

SUSAN WUSCHER

    Appellant

C.A. No.    26924

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2010-01-0275

DECISION AND JOURNAL ENTRY

Dated: February 5, 2014

CARR, Judge.

{¶1}    Appellant Susan Wuscher appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. This Court reverses and remands.

I.

{¶2}    Susan Wuscher ("Wife") and Mark Wuscher ("Husband") were married in 1999 and adopted a child during the course of their marriage. Husband later filed a complaint for divorce and Wife counterclaimed for divorce. On December 9, 2010, the domestic relations court issued a judgment entry decree of divorce which attached and incorporated the parties' agreement regarding all financial matters. Wife was named as the "sole custodial parent" of the child, while Husband, who had expatriated to Asia, was granted visitation with the child via Skype and at least two visitations in person to occur at Husband's parents' home in Seattle.

Child Support

**{¶3}** Per the parties' agreement, Husband acknowledged that he would be employed by JP Morgan Chase, earning a gross yearly base salary of $230,000.00. Husband agreed to pay child support directly to Wife in the amount of $1,095.00 per month.

Spousal Support

**{¶4}** The parties agreed that Husband would pay spousal support directly to Wife in the amount of $5,000.00 per month from October 2008, through May 2012. Wife acknowledged the partial monthly payments that Husband had made through October 2010, and Husband agreed to pay Wife a spousal support arrearage of $29,507.60 within one year. The agreement provided expressly that the domestic relations court would retain jurisdiction to modify the amount of spousal support, but not the duration.

Property Division

**{¶5}** As part of the division of marital property, the parties agreed that Wife would receive fifty percent of Husband's gross cash bonus from JP Morgan Chase for the year 2010, which would be paid in 2011.

**{¶6}** The parties invoked the continuing jurisdiction of the trial court to resolve various disputes as they arose. The matter that gives rise to instant appeal concerns Wife's motions to increase child support and spousal support. The magistrate heard the motions on August 16, 2012, and granted both. The magistrate ordered Husband to pay child support in the amount of $3,336.92 per month, effective August 1, 2012, and to pay spousal support in the amount of $7,750.00 per month from August 1, 2011, through May 31, 2012. The trial court adopted the magistrate's decision the same date it was issued.

**{¶7}** Husband filed timely objections to the magistrate's decision, as well as a praecipe to the court reporter. Husband declined to supplement his objections after the transcript of the hearing was filed. Wife filed a response in opposition to Husband's objections. The domestic relations court sustained Husband's objections and ordered that Husband's "spousal support obligation shall remain unmodified" and that Husband "shall continue to pay child support per the December 9, 2010 Divorce Decree." Wife appealed and raises two assignments of error for review.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO CONSIDER ALL OF [HUSBAND'S] INCOME AND IN NOT MODIFYING THE AMOUNT OF SPOUSAL SUPPORT.

**{¶8}** Wife argues that the trial court abused its discretion by failing to consider all of Husband's income, rather than only his base salary, in refusing to modify spousal support. This Court agrees.

**{¶9}** This Court reviews the domestic relations court's decision regarding the modification of spousal support for an abuse of discretion. *Michaels v. Michaels*, 9th Dist. Medina No. 12CA0029-M, 2013-Ohio-984, ¶ 7. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶10}** The Ohio Supreme Court has held that "[a] trial court lacks jurisdiction to modify a prior order of spousal support unless the decree of the court expressly reserved jurisdiction to make the modification and unless the court finds (1) that a substantial change in circumstances has occurred and (2) that the change was not contemplated at the time of the original decree."

*Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, paragraph two of the syllabus. In this case, the parties' agreed entry, attached to and incorporated into the divorce decree, expressly conferred ongoing jurisdiction on the domestic relations court to modify the amount of spousal support, although not the duration.

{¶11} R.C. 3105.18(F), in effect at the time relevant to this matter below, stated that "a change of circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses."

{¶12} At the time the parties entered into their agreement regarding spousal support, Husband was working for JP Morgan Chase in Hong Kong, earning a base annual salary of $230,000.00. When Wife filed her motion to modify spousal support, JP Morgan had reorganized and relocated Husband to Singapore and raised his base annual salary to $275,000.00. In addition, Husband received a housing allowance, a foreign assignment pay differential, a long-term incentive bonus paid out as dividends, a leave allowance for travel, and an annual bonus paid in January for the previous year. Specifically, in 2012, Husband's annualized income included a $275,000 base salary, a $104,300 housing allowance, a $25,300 foreign assignment differential, $7,200 in dividends, a $12,300 travel/leave allowance, and a $149,500 bonus, for a total of $573,600.

{¶13} The parties clearly recognized Husband's indeterminate annual bonuses as part of Husband's income, as evidenced by their agreement to divide equally his 2010 cash bonus (which was to be paid to Husband approximately one month after the divorce decree was filed) as part of the division of property. Accordingly, there was no indication that the parties intended to disregard any of Husband's income outside of his base salary. That they chose to divide the bonus which was to be paid shortly after they executed their agreement as part of the division of

marital property does not indicate that they did not intend for the trial court to consider future bonuses for purposes of future modifications of spousal support. In fact, the parties' agreement to equally divide Husband's forthcoming indeterminate cash bonus for 2010 supports the conclusion that the parties implicitly recognized the inequity in reserving unto Husband the full amount of his future annual cash bonuses while he maintained a support obligation to Wife.

{¶14} This is further evidenced by Husband's testimony that the parties agreed that Husband would pay Wife fifty percent of his annual cash bonuses for three years in addition to $5000 per month in spousal support. He testified that he was not obligated to pay Wife a portion of his bonuses after 2011. He admitted that he did not pay her anything from his 2011 bonus, but asserted that that was not part of the parties' decree. A careful reading of the decree and parties' agreement indicates that there was no provision that Husband ever pay Wife fifty percent of his annual bonuses, except as to the 2010 cash bonus pursuant to the parties' division of marital property. However, that he believed that Wife was entitled to a payment of a portion of his annual bonuses reasonably constituted Husband's tacit understanding that income outside of his base salary could be considered by the court for purposes of modifying the spousal support award.

{¶15} Moreover, it is clear that the parties did not contemplate substantial changes to their respective incomes at the time of their agreement which was incorporated into the decree. Husband did not present any evidence that either party contemplated that his employment situation would change within mere months of the filing of the decree. In fact, he testified that his move to a position in Singapore was technically a demotion, despite the increase in his base salary and other payments and allowances, and that he was compelled to accept the new position if he wished to remain employed with JP Morgan. By agreeing that the domestic relations court

would retain jurisdiction to modify the amount of spousal support, however, the parties indicated their clear intent for the trial court to address substantial changes in the parties' incomes that they did not contemplate at the time of the decree. Accordingly, the domestic relations court acted unreasonably in refusing to consider Husband's income from sources other than his base pay in considering whether a modification of spousal support was warranted.

{¶16} This Court does not here determine whether the change in Husband's employment situation contemplated a substantial change. We conclude only that the domestic relations court abused its discretion and acted unreasonably in refusing to consider Husband's income outside of his base salary when considering Wife's motion to modify spousal support. Accordingly, Wife's first assignment of error is sustained and the matter is remanded for a determination of whether the change in Husband's employment situation constituted a substantial change of circumstances and, if so, to what extent Husband's spousal support obligation should be modified.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN FAILING TO COMPLETE A CHILD SUPPORT WORKSHEET AND IN NOT MODIFYING [HUSBAND'S] CHILD SUPPORT OBLIGATION.

{¶17} Wife argues that the trial court erred by failing to consider all of Husband's income and to complete a child support worksheet to determine whether a modification of Husband's child support obligation was warranted. This Court agrees.

{¶18} The domestic relations court refused to modify Husband's child support obligation in the mistaken belief that the parties agreed to never calculate the child support obligation on income above $150,000. A simple reading of the parties' agreement supports no such conclusion. By the plain language of the parties' agreement, Husband and Wife agreed that Husband would pay $1,095.00 per month for child support "until the child dies, attains the age of

eighteen (18) years and is no longer enrolled in high school, until the child is earlier emancipated, *or until further order of the Court*, whichever event occurs first." (Emphasis added.) There is no provision in the parties' agreement that the child support obligation could only ever be premised on a combined maximum income of $150,000. Had the parties wished to so provide, they could have incorporated such limitation into the terms of their agreement. They did not. Instead, they left open the opportunity for a modification of child support by the court. *See In re Whitman*, 81 Ohio St.3d 239, 244 (1998) (recognizing the trial court's ability to enforce a provision "[where] the parties have incorporated into the separation agreement a clause that allows the court to modify the agreement by court order, and the court has approved this agreement and incorporated it into the decree * * *.")

{¶19} In this case, the domestic relations court refused to consider Husband's income inasmuch as it, in conjunction with Wife's income, exceeded $150,000. In doing so, the trial court disregarded the parties' agreement that the court had the authority to modify the original child support obligation to which they agreed.

{¶20} Moreover, after failing to properly consider the parties' incomes, the domestic relations court failed to employ the requisite child support computation worksheet. R.C. 3119.022. The Ohio Supreme Court has held that the domestic relations court "must apply the Child Support Guidelines" and complete a child support worksheet both when establishing an initial order of support and when determining whether and how to modify an existing child support order. *DePalmo v. DePalmo*, 78 Ohio St.3d 535 (1997), paragraph one of the syllabus.

{¶21} Because the domestic relations court refused to recognize that the parties agreed that the court had the authority to modify their initial child support order, Wife's second assignment of error is sustained.

III.

{¶22} Wife's assignments of error are sustained. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
CONCURS.

BELFANCE, J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

{¶23} I concur in the majority's judgment. I agree that there is nothing in the divorce decree that would limit the sources of income that should be considered when determining whether a child or spousal support modification is appropriate. However, with respect to Mother's first assignment of error, I would conclude that a substantial change of circumstances not contemplated at the time of the divorce was demonstrated, thereby providing the trial court with jurisdiction to consider whether spousal support should be modified. *See Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, paragraph two of the syllabus. Thus, I would remand the matter so that the trial court could make the required findings and determine whether spousal support should be modified in light of the changed circumstances. *See Tufts v. Tufts,* 9th Dist. Summit No. 24871, 2010-Ohio-641, ¶ 8 ("Once jurisdiction is established, the second step of the analysis requires the trial court to determine whether the existing support order should be modified in light of the change in circumstances that has occurred.").

<u>APPEARANCES:</u>

RANDAL A. LOWRY and KENNETH L. GIBSON, Attorneys at Law, for Appellant.

BARBARA J. ROGACHEFSKY, Attorney at Law, for Appellee.