[Cite as *Wuscher v. Wuscher*, 2015-Ohio-5377.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MARK R. WUSCHER

    Appellant

    v.

SUSAN WUSCHER

    Appellee

C.A. No.     27697


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR 2010-01-0275

DECISION AND JOURNAL ENTRY

Dated: December 23, 2015

---

SCHAFER, Judge.

{¶1} Appellant, Mark Wuscher, appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, increasing his spousal support and child support obligations to Appellee, Susan Wuscher. For the reasons that follow, we affirm the trial court's judgment.

I.

{¶2} The parties were divorced by decree issued on December 9, 2010 after 11 years of marriage. During the course of the marriage, the parties adopted one child, R.W., who was born in China. The decree incorporated the parties' agreement as to all financial matters. As relevant to this appeal, the parties agreed that Mr. Wuscher would pay spousal support each month in the amount of $5,000 and child support in the monthly amount of $1,095. The parties further agreed that the spousal support would continue until May 2012. The decree states that the trial court retained jurisdiction to modify the amount of spousal support, but not the duration.

{¶3} Mrs. Wuscher subsequently filed motions to modify Mr. Wuscher's support obligations. A magistrate conducted an evidentiary hearing on August 16, 2012 before issuing a decision that recommended child support be modified to $3,336.92 per month and spousal support be modified to $7,750 per month. Mr. Wuscher filed objections to the decision, which the trial court sustained. The trial court rejected the magistrate's decision and ordered that Mr. Wuscher's support obligations remain the same as those ordered in the divorce decree.

{¶4} Mrs. Wuscher appealed to this Court and we reversed in *Wuscher v. Wuscher*, 9th Dist. Summit No. 26924, 2014-Ohio-377 ("*Wuscher I*"). We determined that the trial court erred in refusing to modify Mr. Wuscher's spousal support obligation without first considering all of his income sources beyond his base pay. *Id*. at ¶ 16. We declined to decide, in the first instance, whether changes in Mr. Wuscher's income constituted a substantial change in circumstances that supported a spousal support modification and rather remanded the matter for the trial court to make that determination. *Id*. We also concluded that the trial court erred by failing to incorporate a child support worksheet into its final judgment and by determining that the parties' agreement precluded any calculation of child support on combined gross incomes above $150,000. *Id*. at ¶ 20-21.

{¶5} On remand, the matter was referred again to the magistrate and the parties waived the presentation of additional evidence. As a result, the magistrate and the trial court were left to rely solely on the evidence offered at the August 16, 2012 hearing. In the course of that hearing, Mr. Wuscher testified that at the time of the divorce decree's issuance, he was a regional corporate executive with JPMorgan in Hong Kong, earning a base salary of $230,000. In 2011, he was reassigned to a sales role and stationed in Singapore, which earned him a base salary increase to $275,000 despite the fact that the reassignment was a demotion. After the sales role,

JPMorgan reassigned him to an advisory role for the regional CEO working on strategic projects, which provided him with the same base pay. In addition to this base pay, JPMorgan provided a variety of other income sources, including a monthly housing allowance, a home leave allowance, a foreign assignment pay differential, a dividend payment on deferred stock, and substantial cash and stock bonuses. Considering all of these income sources, some of which were noncash assets, Mr. Wuscher's 2011 wages were listed on his W-2 as $681,784.

{¶6} In 2011, Mr. Wuscher remarried and he has a two-year old son with his new wife. He testified that they live in a 2,000 square foot apartment that is "pretty dilapidated" and that Singapore has one of the highest costs of living in the world. When he was reassigned there, JPMorgan reduced his housing allowance and ended some of his other fringe benefits, such as a car allowance and a country club membership. As a result, Mr. Wuscher is unable to afford a car in Singapore and his family is forced to either use public transportation or a private car service. Due to the high cost of living, Mr. Wuscher estimated that after expenses, he only has $48,000 of disposable income and that despite the fact that he had an adjusted gross income approximately $145,000 higher than that of Mrs. Wuscher, she has more purchasing power in Akron than he does in Singapore. Moreover, he opined that $13,000 tax-free was adequate to raise a child in Akron and that rather than paying additional support, he believed it would be more beneficial for R.W. if he could invest more in her college savings account or provide more for her inheritance.

{¶7} Mr. Wuscher indicated that had the parties remained married, R.W.'s standard of living would have been comfortable, but not that of a "high-flying CEO." He also said that she would have been forced to move country to country due to his professional obligations, which he believed would not have been beneficial to R.W. Mr. Wuscher further testified had R.W. lived

in Singapore with him, he would have enrolled her in an "American school," which emulates an American public school and which costs approximately $700 per month in tuition.

{¶8} Mrs. Wuscher testified that at the time of the divorce decree's issuance, she was employed with Community Builders, earning $45,000 per year. The next year, her wages increased to $60,000. But near the end of 2011, she resigned her position with Community Builders because she had to work 60-80 hours per week, which she believed had adverse effects on R.W. Moreover, Mrs. Wuscher believed that she would have ultimately been terminated from her position. Upon her resignation, Mrs. Wuscher accepted a role as the acting executive director of Living the Legacy, LLC. She was paid as a subcontractor, earning approximately $3,000 per month, and she worked approximately 20 hours per week. Due to her part-time employment, Mrs. Wuscher was able to reduce the amount of her child care expenses. Since the position with Living the Legacy was set to end on October 31, 2012, she was seeking to find other work in the nonprofit sector, which is where her educational background and experience lie.

{¶9} Since Mr. Wuscher is stationed in Asia, Mrs. Wuscher is responsible for nearly all of R.W.'s daily needs, including clothing and food. She does not have to pay a mortgage or car loan, however, as both her condo and automobile are owned free and clear of any encumbrance. Mrs. Wuscher paid approximately $10,330 in 2011 for R.W. to attend a private school, which she said was in R.W.'s best interest. Nevertheless, due to the high cost of private school, Mrs. Wuscher decided to enroll R.W. in public school for the 2012 school year. Although she was not paying school tuition for 2012, Mrs. Wuscher was paying fees for extracurricular activities such as gymnastics and swim lessons. Mrs. Wuscher testified that had the parties remained married, she would have been a stay-at-home mother, R.W. would have been enrolled in private schools,

and R.W. would experience a financially secure life that included exposure to her Chinese heritage and country club memberships.

**{¶10}** Based on this evidence and our mandate in *Wuscher I*, the magistrate issued a decision on August 12, 2014. The magistrate found that Mrs. Wuscher's "income has decreased slightly while [Mr. Wuscher]'s income has more than doubled." Due to this income change, the magistrate found that there was a substantial change in circumstances that supported the upward modification of Mr. Wuscher' spousal and child support obligations. As to spousal support, the magistrate recommended that it be increased to $7,750 per month, effective August 1, 2011.

**{¶11}** For child support, the magistrate completed and attached two guideline worksheets. The first showed an increase to $1,194.25 per month, a figure which did not take into consideration the parties' combined gross income above $150,000. The magistrate found that this amount was unjust, inappropriate, and not in R.W.'s best interests. As a result, the magistrate, taking into consideration the parties' income above $150,000, recommended that child support be set at $3,336.92 per month, effective August 1, 2012. On August 12, 2014, the trial court adopted the magistrate's decision as a court order.

**{¶12}** Mr. Wuscher objected to the magistrate's decision. He challenged the spousal support modification on two bases: (1) that the magistrate failed to impute additional income to Mrs. Wuscher due to her voluntary underemployment; and (2) that the magistrate failed to account for the disparity in the cost of living for Singapore and Akron. Mr. Wuscher also objected to the child support order on the basis that the magistrate incorrectly found that the amount of $1,194.25 was unjust. Mrs. Wuscher responded and filed cross-objections.

**{¶13}** On January 27, 2015, the trial court issued a judgment entry overruling Mr. Wuscher's objections and Mrs. Wuscher's cross-objections. The judgment entry refers to

guideline worksheets, but none are actually attached to the entry. Mr. Wuscher filed this timely appeal from the trial court's entry, presenting three assignments of error for our review.[1]

## Assignment of Error I

**The trial court abused its discretion in increasing Husband's spousal support obligation.**

{¶14} In his first assignment of error, Mr. Wuscher argues that the trial court erred by modifying his spousal support obligation. He asserts two grounds for reversal of the spousal support increase: (1) that the trial court incorrectly determined that there was a substantial change in circumstances that supported the modification of spousal support; and (2) that the trial court failed to specify how it calculated the modified amount of spousal support. We disagree on both points.

### A. Standard of Review for Modification of Spousal Support

{¶15} We review a trial court's decision regarding spousal support for an abuse of discretion. *Barney v. Barney*, 9th Dist. Summit No. 26855, 2013-Ohio-5407, ¶ 11, quoting *Tufts v. Tufts*, 9th Dist. Summit No. 24871, 2010-Ohio-641, ¶ 7. An abuse of discretion implies the court's decision is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶16} R.C. 3105.18 governs the modification of spousal support awards. *Manos v. Manos*, 9th Dist. Summit No. 27335, 2015-Ohio-2932, ¶ 11. The party requesting a modification of spousal support has the burden of establishing the need for a modification. *Id.* at

---

[1] Mrs. Wuscher has not appealed the overruling of her cross-objections.

¶ 14, citing *Tremaine v. Tremaine*, 111 Ohio App.3d 703, 706 (2d Dist.1996). The Supreme Court of Ohio has declared that trial courts may only modify a spousal support award where the divorce decree "expressly reserved jurisdiction to make the modification" and the trial court "finds (1) that a substantial change in circumstances has occurred and (2) that the change was not contemplated at the time of the original decree." *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, paragraph two of the syllabus. Further, "the trial court must consider the factors set forth in R.C. 3105.18(C)(1) to determine whether the existing support order should be modified in light of the significant change in circumstances." *Manos* at ¶ 11, citing *Mandelbaum* at ¶ 31. These factors include the parties' incomes. R.C. 3105.18(C)(1)(a). "Substantial" in the context of a spousal support modification proceeding means "'drastic,'" "'material,'" or "'significant[.]' " *Mandelbaum* at ¶ 32, quoting *Wolfe v. Wolfe*, 46 Ohio St.2d 399, 419 (1976); *Cooper v. Cooper*, 12th Dist. Clermont No. CA2003-05-038, 2004-Ohio-1368, ¶ 17; *Palmieri v. Palmieri*, 10th Dist. Franklin No. 04AP-1305, 2005-Ohio-4064, ¶ 27. Since "[t]he trial court is not required to comment on each statutory factor[,] * * * the record must only show that the court considered the statutory factors when making its award." *Manos* at ¶ 13, citing *Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009-Ohio-3788, ¶ 22, citing *Kreilick v. Kreilick*, 161 Ohio App.3d 682, 2005-Ohio-3041, ¶ 22 (6th Dist.).

### B. The Trial Court's Finding

**{¶17}** The record reflects that Mr. Wuscher has experienced a significant increase in his income since the divorce decree's issuance and he has a markedly higher income than Mrs. Wuscher. At the time of the decree's issuance, Mr. Wuscher's income was $230,000. Conversely, in 2011, his W-2 showed gross income, accounting for various allowances and bonuses, of $681,784. Meanwhile, Mrs. Wuscher was employed in a position paying a yearly

salary of $60,000 until December 2011, when she accepted a part-time contract position that paid approximately $3,000 per month. From this change in the parties' incomes, we cannot determine the trial court abused its discretion in finding a substantial change in circumstances that supported the modification of spousal support.

{¶18} In support of his argument that there was no substantial change in circumstances, Mr. Wuscher argues that (1) Mrs. Wuscher is voluntarily underemployed and the trial court should have imputed more income to her; and (2) that Mrs. Wuscher has a higher standard of living than Mr. Wuscher due to the comparative costs of living between Singapore and Akron. As to the imputation of income, the trial court determined that her new employment with Living the Legacy was reasonable given her circumstances. In her previous position, Ms. Wuscher worked 60-80 hours per week, which required her to pay increased child care costs and to reduce the amount of time spent with R.W. She resigned the position because doing so was in the child's best interest, especially in light of the fact that Mrs. Wuscher is a single mother responsible for almost all of the child's care. Mrs. Wuscher also indicated that she resigned due to the work environment and her belief that she would eventually be terminated. Based on these facts, we cannot find that the trial court abused its discretion by declining to impute additional income to Mrs. Wuscher.

{¶19} As to the cost of living argument, we conclude that the trial court properly considered the issue and resolved it. Although Mr. Wuscher lives in Singapore, which has a high cost of living, his wages and other sources of income account for this dynamic. He is paid a housing allowance, a foreign pay differential, and a home travel allowance. Moreover, he receives a higher base pay than he did at the time of the divorce decree's issuance. In light of this evidence and Mr. Wuscher's higher income, we cannot conclude that the trial court abused

its discretion by finding that there was a substantial change in circumstances that supported the modification of the spousal award amount.

### C. The Trial Court's Basis for Increasing Spousal Support

{¶20} We also reject Mr. Wuscher's argument that the trial court failed to properly state the basis for modifying spousal support to $7,750 per month. In its judgment entry overruling Mr. Wuscher's objections, the trial court indicated that it considered the factors found in R.C. 3105.18(C)(1) and the parties' incomes from all sources before deciding to set spousal support at the monthly amount of $7,750. Therefore, the record reflects that the trial court properly considered the necessary statutory factors and we cannot determine that it abused its discretion in setting the amount of spousal support on this asserted basis. *See Organ v. Organ*, 9th Dist. Summit No. 26904, 2014-Ohio-3474, ¶ 16 (determining that trial court did not abuse its discretion in setting spousal support amount since "its underlying spousal support decision was based on the factors outlined in R.C. 3105.18(C), not a mathematical formula"); *Bowen v. Bowen*, 132 Ohio App.3d 616, 627-628 (9th Dist.1999) (rejecting argument that the trial court failed to state a sufficient basis for spousal support amount since "[t]he trial court [provided a sufficient basis for award], stating that its decision involved the factors set forth for consideration in R.C. 3105.18(C)(1)").

{¶21} Accordingly, we overrule Mr. Wuscher's first assignment of error.

### Assignment of Error II

**The trial court erred in failing to complete a child support worksheet.**

{¶22} In his second assignment of error, Mr. Wuscher argues that the trial court erred in failing to complete a statutory guideline worksheet when determining his modified child support obligation. We disagree.

**{¶23}** In *Marker v. Grimm*, 65 Ohio St.3d 139 (1992), the Supreme Court of Ohio mandated that a child support guideline worksheet "must actually be completed and made part of the trial court's record." *Id.* at paragraph one of the syllabus. We have previously held that a trial court complies with the dictates of *Marker* when the magistrate completes a guideline worksheet that is attached to the magistrate's decision. *See Hayne v. Hayne*, 9th Dist. Medina No. 07CA0100-M, 2008-Ohio-4296, ¶ 19 (holding that the trial court's failure to attach a copy of guideline worksheet to final judgment did not violate *Marker* since it was attached to the magistrate's decision and made part of the record). The same facts exist here. The magistrate completed a guideline worksheet and attached it to her decision, which was later adopted by the trial court and incorporated into its final judgment. As a result, the worksheet is part of the record and the trial court complied with the requirements of *Marker*. *See Smith v. McLaughlin*, 9th Dist. Summit No. 24890, 2010-Ohio-2739, ¶ 18 ("The trial court complied with the *Marker* requirements because the magistrate filed his decision with the statutory worksheet attached, thereby making it a part of the record."), citing *Hayne* at ¶ 19.[2]

**{¶24}** Accordingly, we overrule Mr. Wuscher's second assignment of error.

### Assignment of Error III

**The trial court erred in modifying Husband's child support obligation.**

**{¶25}** In his third assignment of error, Mr. Wuscher argues that the trial court erred in modifying his child support obligation for three reasons: (1) it failed to conduct a case-by-case

---

[2] Wuscher argues that the inadequacy of a child support worksheet attached solely to the magistrate's decision was the same issue before this Court in *Wuscher I* and is dispositive here. The issue in *Wuscher I* was not whether attaching a child support worksheet to the magistrate's decision was proper, but whether the trial court could modify child support. This Court determined that the trial court acted under the mistaken belief that the parties' agreement had divested the court of authority to modify the child support obligation, and it, therefore, failed to utilize a child support worksheet. *Wuscher I* at ¶ 18.

review of the standard of living and needs of the child; (2) Mrs. Wuscher failed to establish R.W.'s needs; and (3) Mrs. Wuscher failed to establish that the current child support order was insufficient to satisfy R.W.'s needs. We disagree.

**{¶26}** We review a trial court's decision to modify child support for an abuse of discretion. *Batcher v. Pierce*, 9th Dist. Summit Nos. 27415, 27497, 2015-Ohio-2130, ¶16, citing *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). R.C. 3119.04(B) pertinently provides as follows:

> If the combined gross income of both parents is greater than one hundred fifty thousand dollars per year, the court * * * shall determine the amount of the obligor's child support obligation on a case-by-case basis and shall consider the needs and the standard of living of the children who are the subject of the child support order and of the parents. The court * * * shall compute a basic combined child support obligation that is no less than the obligation that would have been computed under the basic child support schedule and applicable worksheet for a combined gross income of one hundred fifty thousand dollars, unless the court * * * determines that it would be unjust or inappropriate and would not be in the best interest of the child, obligor, or obligee to order that amount. If the court * * * makes such a determination, it shall enter in the journal the figure, determination, and findings.

**{¶27}** "The level of support for a combined gross income of $150,000 is the starting point from which a trial court exercises its discretion in fashioning a child support award for parents with higher incomes." *Bajzer v. Bajzer*, 9th Dist. Summit No. 25635, 2012-Ohio-252, ¶ 5, citing R.C. 3119.04(B). Additionally, trial courts need not consider the deviation factors set forth in R.C. 3119.23 and 3119.24 when setting support amounts higher than the statutory amount for a combined gross income of $150,000 since "[s]upport awards in excess of that minimum * * * are anticipated by R.C. 3119.04(B) and are not deviations." *Id.* "Instead, the trial court is merely required to consider '"[the]amount necessary to maintain for the children the standard of living they would have enjoyed had the marriage continued."'" *Wells v. Wells*, 9th

Dist. Summit No. 27097, 2014-Ohio-5646, ¶ 15, quoting *Bajzer* at ¶ 6, quoting *Berthelot v. Berthelot*, 154 Ohio App.3d 101, 2003-Ohio-4519, ¶ 24 (9th Dist.).

{¶28} A review of the record reveals that the trial court complied with the requirements of R.C. 3119.04(B) and did not abuse its discretion by increasing Mr. Wuscher's child support obligation. As conceded by Mr. Wuscher on appeal, "[t]here was considerable conflicting evidence presented as to [R.W.]'s likely standard of living had the parties remained married." Both of the parties testified to the standard of living they expected to have had the marriage continued. Additionally, the trial court was well-aware of this conflicting testimony and made a number of findings in its judgment entry overruling Mr. Wuscher's objections regarding the testimony. In light of the evidence presented and the trial court's consideration of the parties' and R.W.'s standards of living, we cannot agree with Mr. Wuscher that the trial court failed to properly engage in a case-by-case analysis when increasing his child support obligation. *See Freeman v. Freeman*, 9th Dist. Wayne No. 07CA0036, 2007-Ohio-6400, ¶ 24 ("It is clear from the Magistrate's 48-page decision, as adopted by the trial court, that the trial court assessed the needs and standard of living of the Freeman children before ordering a combined support obligation of $97,371.06.").

{¶29} We also reject Mr. Wuscher's argument that Mrs. Wuscher failed to establish R.W.'s needs or the insufficiency of the current support order. Mrs. Wuscher testified that she received $1,095 per month under the current child support order for a total of $13,140 in 2011. Mrs. Wuscher has almost exclusive responsibility to pay for R.W.'s daily needs since Mr. Wuscher resides in Singapore and only sees the child in person for a short period of time each year. Mrs. Wuscher further testified that she has enrolled the child in a number of extracurricular activities to enrich her life, all of which require additional expenses. In light of this evidence, we

cannot conclude that the trial court abused its discretion by increasing Mr. Wuscher's child support obligation.[3]

**{¶30}** Accordingly, we overrule Mr. Wuscher's third assignment of error.

### III.

**{¶31}** Having overruled all of Mr. Wuscher's assignments of error, we affirm the judgment of the Summit County Court of Common Pleas, Domestic Relations Division.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

---

[3] We note that the effective date for the child support increase was August 1, 2012. Mr. Wuscher's spousal support obligation terminated in May 2012. As a result, his total support obligation fell from $8,845 per month in May 2012 to $3,336.92 per month, effective August 1, 2012.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

BARBARA J. ROGACHEFSKY, Attorney at Law, for Appellant.

KENNETH L. GIBSON and RANDAL A. LOWRY, Attorney at Law, for Appellee.